MEMORANDUM OPINION



No. 04-04-00022-CR



Jose Antonio MARTINEZ,


Appellant



v.



STATE of Texas,


Appellee



From the 290th Judicial District Court, Bexar County, Texas


Trial Court No. 2002-CR-3628


Honorable Sharon MacRae, Judge Presiding



Per Curiam


Sitting: Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice

 

Delivered and filed: March 3, 2004


DISMISSED FOR LACK OF JURISDICTION


 On January 27, 2004, we ordered appellant to show cause why this appeal should not
be dismissed for lack of jurisdiction. Appellant's sentence was imposed on February 10,
2003. A motion for new trial or notice of appeal was due March 12, 2003. See Tex. R. App.
P. 26.2. No motion for new trial was filed. (1) A motion for extension of time to file the notice
of appeal was due in this court March 27, 2003, see Tex. R. App. P. 41(b)(2), but no such
motion was filed. The notice of appeal was not filed until January 8, 2004. In his response
to our order, appellant states that he did not know his court appointed attorney had not filed
a motion for new trial or a notice of appeal. He requests an extension of time to file his
motion for new trial, his notice of appeal, and his appellate brief.

 Because the notice of appeal in this case was not timely filed, we lack jurisdiction to entertain
the appeal. See Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996) (explaining that both
the notice of appeal and the motion for extension of time must be filed within the fifteen-day
extension); see also Ater v. Eighth Court of Appeals, 802 S.W.2d 241 (Tex. Crim. App. 1991)
(explaining that the writ of habeas corpus pursuant to article 11.07 of the Texas Code of Criminal
Procedure governs out-of-time appeals from felony convictions). Because we lack jurisdiction over
the appeal, we have no jurisdiction to grant appellant any of the relief he seeks. Accordingly,
appellant's motions are denied. We dismiss Jose Antonio Martinez's appeal for lack of jurisdiction.

 PER CURIAM

DO NOT PUBLISH
1. A motion to correct the judgment was filed August 25, 2003. Appellant states this motion was not intended
to be a motion for new trial. Even if we interpreted it as such, because it was filed late, it would not extend the appellate
timetable.